DAMASE OUIMET *vs.* GERMAIN SIROIS & trustee.

Essex.   Nov. 7, 1877. — Mar. 1, 1878.   MORTON & SOULE, JJ., absent.

In a trustee process, a duly recorded assignment of wages by the defendant is valid
against an attaching creditor, if the assignment is delivered in good faith, and there
is no uncertainty as to the fund intended to be assigned or the identity of the as-
signor, although there is a confusion in the spelling and pronunciation of the as-
signor's name, which prevents the recording of the assignment from giving notice
to his other creditors, as intended by the provisions of the St. of 1865, *c.* 43, § 2.

TRUSTEE PROCESS.   Writ dated October 9, 1876, and served
on the Naumkeag Steam Cotton Company, summoned as trus-
tee, the next day.   Franklin White and another appeared as
claimants of the funds in the hands of the trustee.

At the trial in the Superior Court, before *Gardner,* J., with-
out a jury, it was admitted that the defendant's real name was
Germain Sirois ; that he was at work for the trustee, under the
name of John Keever ; that this name appeared upon the trus-
tee's books ; that the trustee owed him $42 ; that the amount
claimed was due the claimants, and was more than the amount
in the trustee's hands.

The claimants put in an assignment delivered to them by the
defendant, a copy of which is printed in the margin,* and called
the attesting witness, their bookkeeper, who testified that the
defendant, who was a Frenchman, traded with the claimants, a
firm of grocers in Salem, and was indebted to them for goods
sold him ; that the defendant could neither write, speak nor un-
derstand English ; that he made known to the witness, by an
interpreter, that he wished to assign his wages to the claimants
to secure them for what was then due and to become due for
groceries delivered to him and his family ; that the witness asked
the name of the defendant, and he wrote it down as he under-

---

* " To the treasurer of the Naumkeag Steam Cotton Co.   For value re-
ceived I hereby assign all moneys now due me and all that shall hereafter
become due for one year from date to F. White & Comp.   And I hereby re-
quest you to pay to said F. White & Comp., all moneys due or that shall be-
come due as above, and charge the same to my account.

                                                his
                              "Joseph  X  Cyr, Applicant."
                                               mark.
" Witness, M. H. Aldrich.
" Salem, July 18, 1876."

stood it, and witnessed the defendant's mark; that the witness could neither speak nor understand French; that he never knew, until after this action was commenced, that the defendant was called by any other name than the one he entered upon the claimants' books and had written upon the assignment; and that the defendant was the same person who made his mark upon the assignment.

There was no evidence of fraud in making the assignment, and there was evidence tending to show that the indebtedness of the defendant to the claimants was the consideration for which the assignment was given.

The record of the assignment made prior to the plaintiff's attachment was duly proved; and it also appeared in evidence that the defendant had given other assignments, which had been recorded, under the names " Germain Sirois " and " John Keever."

The defendant testified, through an interpreter, that he was the person who gave the assignment; that he could neither read, nor write nor spell his name; that his name was Germain Sirois, and he was sometimes called John Keever; that he was the person whom the plaintiff had sued; that he gave the name Germain Sirois to the bookkeeper when he made the assignment, but he could not tell how the bookkeeper spelt it; that he owed the claimants at that time, and had not paid them. The judge admitted all of the foregoing evidence *de bene.*

The plaintiff testified that, before bringing this suit, he made search of the city clerk's records, and found no assignment recorded of John Keever or Germain Sirois; that the defendant's name was Germain Siroit, sometimes spelt Sirois, and he had been called John Keever; that the name of " Siroit " was sometimes translated into English as " King," but that he did not know the name of Germain to be translated into English; that the pronunciation of " Siroit " or " Sirois " was Syroa, the letter " t " or " s " being silent. It was not contended by the claimants that the two names were *idem sonantes.*

The claimants asked the judge to rule that, there being no fraud, and the bookkeeper having written the name as he understood it, the only question was one of identity; that it was competent for them to prove that the defendant was the person who gave the assignment; and that upon the evidence they were entitled to the funds in the hands of the trustee.

But the judge declined to rule as requested, and ruled that the statute requiring an assignment to be recorded was for the purpose of giving notice to creditors; that this assignment, when recorded, gave no notice to creditors that the defendant, who was working for the trustee under the name of John Keever, had assigned his earnings; that the evidence offered was not competent to set up the assignment and defeat the plaintiff's attachment of the funds in the trustee's hands; and ordered that the trustee be charged. The claimants alleged exceptions.

*C. Sewall*, for the claimants.

*N. J. Holden*, for the plaintiff.

AMES, J. The bill of exceptions furnishes no reason to doubt that the assignment was made by the defendant in good faith, and that it fulfils all the conditions required by the statute to make it effectual against the claim of an attaching creditor, unless the error as to the signature is sufficient to defeat the purpose which the parties had in view. The defendant is a Frenchman unable to speak, write or understand our language, and, as he signed the instrument with his mark only, it may be inferred that he was not able to discover the mistake as to his name, upon inspection of the document. The person whom he employed to write it for him signed the name as he understood it on hearing it pronounced, and the defendant, by the act of affixing his mark and giving the paper so signed to the claimants, must be understood to have adopted the mistaken signature as his own. There is therefore no uncertainty as to the identity of the person making the assignment, or of the fund which he intended to assign. So far as it concerns the defendant and the claimants only, it was a valid assignment; and, if acknowledged and accepted by the trustee, it would be binding upon the trustee also. *Gifford* v. *Rockett*, 121 Mass. 431.

It is true that, owing to the confusion and uncertainty as to the pronunciation and spelling of the defendant's name, the registration of the assignment fails to give to his other creditors the notice which was intended to be provided for by the St. of 1865, *c.* 43, § 2. But it is not a case of the use of the name of another person, or of the fraudulent use of a fictitious name, or a dishonest attempt to conceal the fact that such an assignment had been made. On the contrary, it was a *bonâ fide* attempt to comply

with the statute. As between the original parties, the claimants, the defendant and the trustee, there was no confusion as to identity, and no want of certainty, and the transaction was perfectly valid. If so, all that remained to make it valid against all other persons was that it should be recorded as prescribed by the statute above referred to. It cannot be said that the plaintiff has been misled by anything that has happened, or that, in the conflicting claims of creditors, there is any special equity in his favor as compared with the claimants. It is not suggested that there is any other person living having the name that is subscribed to the assignment.        *Exceptions sustained.*