acquire property to be held as her sole and separate property by gift from her husband. Gen. Sts. *c.* 108, § 10. Though such a gift may be so far valid as to give the wife a right to the property at the death of the husband, as against his heirs or executors, it is invalid as to his creditors. Property thus given remains the property of the husband during his life, and may be demanded by him or attached by his creditors. *Adams* v. *Brackett,* 5 Met. 280. *Ames* v. *Chew,* 5 Met. 320. *Thomson* v. *O'Sullivan,* 6 Allen, 303. *Gay* v. *Kingsley,* 11 Allen, 345. *McCluskey* v. *Provident Institution for Savings,* 103 Mass. 300.

It follows that, in this case, the credit in the hands of the trustee belonged to the defendant, and his creditors could attach it by the trustee process, irrespectively of the question whether the gift was made to the wife with a purpose of defrauding creditors. This question, and also the question whether at the time of the deposit the pension check was exempt from attachment, are immaterial. Even if, by the laws of the United States, the pension was exempt from attachment while it remained in the form of a pension check, the exemption certainly ceased after the money was drawn upon the check. *Kellogg* v. *Waite,* 12 Allen, 529. The money then became effects or credits in the hands of the bank belonging to the defendant, and was attachable by the plaintiff. *Exceptions overruled.*

---

JOHN J. O'CONNOR *vs.* JOHANNA CAVAN & trustee.

Hampden. January 14.—29, 1879. COLT & AMES, JJ., absent.

In a trustee process, a duly recorded assignment of wages by the defendant is valid against an attaching creditor, under the St. of 1865, *c.* 43, § 2, although the assignment is signed by the name " Johanna Kavanagh," while the defendant's last name is in fact "Fitzgerald," and she works for the trustee under the name of " Cavan," and is generally known by that name.

TRUSTEE PROCESS. Writ dated November 15, 1877. The principal defendant was named in the writ as Johanna Cavan, alias Johanna Fitzgerald. The Chicopee Manufacturing Company, summoned as trustee, answered that, at the time of ser-

vice upon it, it had in its hands the sum of $43.23, "wages earned by the personal service of said defendant." Eugene Munn appeared as claimant of the funds in the hands of the trustee, by virtue of the following assignment: "Paymaster of the Chicopee Manfg. Co. Please pay Eugene Munn what there is due me and what may be due me the next six months, and this will be your receipt for the same. Joanna Kavanagh. Chicopee Falls, Octo. 19, 1877." The defendant was defaulted; and the case was submitted to the Superior Court upon the following agreed facts:

The defendant was married to Thomas Fitzgerald in 1860, and they have lived together as husband and wife up to the present time. The defendant has been known in the community by her maiden name, Johanna Cavan, and by her married name, Johanna Fitzgerald. She had worked and did work at the time of the assignment and suit for the trustee under the name of Johanna Cavan. The claimant has, for the space of several years, charged goods to her on his books under the name of Johanna Cavan, and has previously taken assignments from her under that name, which have been accepted by the trustee.

At the date of the present assignment, the defendant was indebted to the claimant in a sum exceeding the amount in the trustee's hands. The assignment in question was executed by the defendant, and was recorded.

If, upon these facts, the assignment was valid as against the defendant's creditors, judgment was to be entered for the claimant; otherwise, the trustee was to be charged.

The Superior Court ordered the trustee to be discharged; and the plaintiff appealed to this court.

*C. J. Bellamy*, for the plaintiff.

*W. G. White*, for the claimant.

BY THE COURT. The case is governed by *Ouimet* v. *Sirois*, 124 Mass. 162.                    *Judgment affirmed.*