LUCY K. GILLESPIE & others *vs.* JOSIAH W. ROGERS.

Barnstable. March 9, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Deed — Name — Registration — Constructive Notice.*

The registry of a deed executed by J. N. H, in which he calls himself J. H., by which latter name he is equally well known in the town where he lives, is constructive notice to all persons of the transfer of the title.

WRIT OF ENTRY to recover a parcel of land in Chatham. At the trial in the Superior Court, before *Mason*, J., without a jury, evidence was introduced tending to show the following facts.

On February 27, 1851, James N. Howes, who was then the owner of the demanded premises, conveyed them to his brother, Henry N. Howes, by a deed, duly recorded on July 26, 1851, in which he called himself James Howes, and which he so signed. On March 21, 1870, Henry N. Howes conveyed the premises to the demandants, who were the daughters of James N. Howes, and who thereupon took possession of the same. James N. Howes on September 13, 1886, then holding under the demandants, conveyed the demanded premises to the tenant, who was his stepson, by a deed which recited his full name, and was signed James N. Howes. This deed was duly recorded on September 15, 1886, and the tenant entered into possession. The tenant at the time he took his deed had no actual notice of the deeds to

and from Henry N. Howes. James N. Howes was as well known in Chatham by the name of James Howes as by that of James N. Howes, both at the date of the deed to Henry N. Howes and at the date of that to the tenant.

The judge found for the demandants, and reported the case for the determination of this court. If the evidence was sufficient to sustain the finding, and was properly admitted, judgment was to be entered for the demandants ; otherwise, a new trial was. to be granted.

*H. P. Harriman,* for the tenant.

*J. M. Day & T. C. Day,* for the demandants.

C. ALLEN, J. There can be no doubt that the deed which was executed by James N. Howes, in which he called himself James Howes, was good as against him and his heirs and devisees. The omission of the initial letter of his middle name did not vitiate the grant. And it was competent to show that he was as well known without a middle name as with one. Shep. Touch. 232, 233. 3 Washb. Real Prop. (5th ed.) 278, 281. *Games* v. *Stiles,* 14 Pet. 322, 327. The same rule exists in case of a mistake in the name of the grantee. *Hall* v. *Leonard,* 1 Pick. 27, 30. *Thomas* v. *Marshfield,* 10 Pick. 364, 367. *Scanlan* v. *Wright,* 13 Pick. 523. *Peabody* v. *Brown,* 10 Gray, 45. And it is not absolutely necessary that either grantor or grantee be named at all, if so described that he can be clearly ascertained. *Shaw* v. *Loud,* 12 Mass. 447. Shep. Touch., and Washb. Real Prop., *ubi supra. Reeves* v. *Watts,* 7 B. & S. 523. *Maugham* v. *Sharpe,* 17 C. B. (N. S.) 443.

It is contended, however, that the record of the deed signed James Howes did not give a good constructive notice of a conveyance of the title of James N. Howes. But since the deed was valid as against the grantor and his heirs and devisees without registration, it would seem that the, registration would make it valid as against all persons. Such seems to be the effect of the statute. Rev. Sts. c. 59, §§ 1, 28. The title passed by the deed, not by the registration. But to give this title full effect, and prevent its being questioned by purchasers and creditors of the grantor, there must be actual notice of the deed, or registration, which is constructive notice. *Dole* v. *Thurlow,* 12 Met. 157, 162. *Earle* v. *Fiske,* 103 Mass. 491. And such actual or constructive

notice has the effect to bind others, in like manner as the grantor and his heirs and devisees are bound by the mere execution and delivery of the deed. It makes no difference if the constructive notice provided for by law proves insufficient. A deed is considered to be recorded when it is noted by the recording officer as having been received for record in the book kept for that purpose. Rev. Sts. c. 59, § 24 ; Gen. Sts. c. 17, § 93 ; Pub. Sts. c. 24, § 15. And if the recording officer places upon it his certificate that it has been so received, even though he afterwards fails in his duty by recording it inaccurately, by omitting material portions of it, or even by altogether suppressing it from the records, yet in contemplation of law the whole world has constructive notice of it, just the same as if it had been accurately copied in full upon the records. *Tracy* v. *Jenks*, 15 Pick. 465. *Ames* v. *Phelps*, 18 Pick. 314. *Jordan* v. *Farnsworth*, 15 Gray, 517. *Fuller* v. *Cunningham*, 105 Mass. 442. *Adams* v. *Pratt*, 109 Mass. 59. *Wood* v. *Simons*, 110 Mass. 116. *Sykes* v. *Keating*, 118 Mass. 517, 519. *Getchell* v. *Moran*, 124 Mass. 404. It is obvious that, under this rule, one searching the records may fail to find all that is necessary for his protection ; but nevertheless he will be bound. In other respects, also, the records of deeds may fail to give full information as to the title. For example, an apparently perfect record title may be bad, because the grantor in a deed may have been disseised or insane, or because the title has been defeated by an adverse possession. In either of these cases, resort must be had to extrinsic evidence to determine where the title is, and whoever searches the title upon the records, if he would be absolutely safe, must do so with a knowledge of facts not disclosed by the records themselves.

In like manner, where deeds or other instruments requiring to be recorded are given or received by persons or corporations known by different names, the records may fail to furnish exact and literal information; and yet, where the instrument itself is a genuine one, and has been executed in good faith, the record has been held sufficient to furnish constructive notice of the real transaction. A striking illustration of this is found in a former decision of this court. The St. of 1865, c. 43, § 2, provided that no assignment of future earnings should be valid against a trustee process, unless recorded in the town or city clerk's office

before the service of process.   A man by the name of Germain Sirois, who was also sometimes called John Keever, made an assignment of his future earnings under the name of Joseph Cyr, which name he signed by his mark, being unable to read or write.   This was duly recorded.   There was no intention of misleading anybody by the wrong name affixed to the assignment; it was a mistake, the man being an ignorant foreigner, who could not speak English.   Afterwards a creditor brought a trustee process.   It was held that the assignment was good as between the original parties to it, and being recorded was good as against attaching creditors.   *Ouimet* v. *Sirois,* 124 Mass. 162. See also *Gifford* v. *Rockett,* 121 Mass. 431; *O'Connor* v. *Cavan,* 126 Mass. 117.

So in the present case, it being found as a fact that the grantor was as well known in the town where he lived by the name of James Howes as by his true name of James N. Howes, the record of his deed under the name of James Howes to Henry N. Howes was constructive notice of the real transaction between those parties.   Nor can it be doubted that it would have proved sufficient for the protection of the tenant, if he had taken pains to examine the records.        *Judgment for the demandants.*