## SEDER v. ZAKARAS.

Circuit Court of Appeals, First Circuit.
November 5, 1929.

No. 2392.

Saul A. Seder, of Worcester, Mass. (Seder & Seder, of Worcester, Mass., on the brief), for appellant.

Edward A. D. Moss, of Worcester, Mass., for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge. The trustee in bankruptcy of Michael Paltanavicia attacks the validity of the chattel mortgage given by the bankrupt to John Zakaras to secure an admittedly valid debt of $1,200. The mortgage appears to be given by Amerikos Letuvis Publishing Company, Inc., to cover a typesetting machine at the bankrupt's place of business at No. 14 Vernon street, Worcester. The covenants were in the first person and read as follows:

"And I hereby covenant with the vendee that I am the lawful owner of the said goods and chattels; that they are free from all incumbrances, that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all person.

"Provided nevertheless that if I, or my executors, administrators, or assigns shall pay unto the vendee, or his executors, administrators or assigns, the sum of twelve hundred ($1,200) dollars in two years from this date, with interest as stated in my note of even date signed by me," etc.

The mortgage ends:

"In witness whereof the said Amerikos Letuvis Publishing Company, Inc., hereunto

sets its hand and seal this twenty-third day of April in the year one thousand nine hundred and twenty-eight.

"M. Paltanowicia [Corp. Seal]
"Owner of All the Shares of Said Corp."

The referee found that the mortgage was drawn by a young, inexperienced lawyer; that it was duly recorded as required by G. L. Mass. c. 255, § 1, and was indexed by the city clerk under this corporate name. He also finds that there was no such corporation. Inferentially, it appears that the bankrupt Michael Paltanavicia was doing business under this corporate name as the printer and publisher of a paper called Amerikos Lietuvis. No question is made as to the validity of the debt, for which the bankrupt gave his note, signed M. Paltanavicia, payable in two years, with interest at 6 per cent.

The trustee contends that as, under section 47 of the Bankruptcy Act (11 USCA § 75), he is vested with the rights and remedies of an attaching creditor, this mortgage, in which the apparent grantor is a nonexistent corporation, is invalid as against him, although it was duly recorded and indexed in the name assumed by the bankrupt, and although the bankrupt signed it as the alleged owner of all the shares of this corporation. We think it plain that as between the parties the mortgage was valid. As pointed out by the referee, all the covenants are personal. The bankrupt, erroneously describing himself as owner of all the shares of this nonexistent corporation, signed the mortgage. The question as to whether it is good as against an attaching creditor must be determined under Massachusetts law. Bryant v. Swofford, 214 U. S. 279, 29 S. Ct. 614, 53 L. Ed. 997; 4 Remington on Bankruptcy (3d Ed.) § 1406, and cases.

No Massachusetts case exactly in point is cited to us. But Ouimet v. Sirois, 124 Mass. 162, bears a close analogy. That was an attachment on trustee process, and the question was whether the assignment of wages made by Sirois (a Frenchman who could neither write nor speak English) under the name of Joseph X. Cyr, was good. The trial court held for the attaching creditor. But the Supreme Court held the registration—although it failed to give the requisite notice to the assignor's other creditors intended to be provided by St. 1865, c. 43, § 2 (cf. G. L. Mass. c. 154, §§ 2 and 3)—good as against attaching creditors, saying, at page 165:

"It cannot be said that the plaintiff has been misled by anything that has happened, or that, in the conflicting claims of creditors,

there is any special equity in his favor as compared with the claimants," who were the assignees.

As noted above, the bankrupt was apparently doing business under the name and style of this nonexistent corporation. The record of the mortgage of the typesetting machine used by him as printer and publisher would probably be more effective in the name of this nonexistent corporation, as notice to his creditors, than if given in his own name. The reasoning of the court in Ouimet v. Sirois covers this case. We think the referee and the court below were right in sustaining the mortgage.

The decree of the District Court is affirmed, with costs to the appellee.

BINGHAM, Circuit Judge, concurs in the result.