COLONIAL BANK AND TRUST COMPANY *vs.*
MARY A. SHEEHAN & others.

Suffolk.   February 4, 1970. — April 9, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Real Property*, Recording statute.  *Attachment.*

Where it appeared in a suit in equity for a declaratory decree that an
unmarried woman took title to certain real estate in her own name
and after the deed was recorded was married, that subsequently the
husband and wife executed and recorded a first mortgage of the prem-
ises in which the wife was identified by both her married and maiden
names, that in a recorded second mortgage and a recorded third
mortgage only the married name of the wife appeared, and that after
the recording of the mortgages an action at law was commenced
against the wife in both her names and an attachment of her real
estate in both her names was made, it was held that the second and
third mortgages took precedence over the attachment.

BILL IN EQUITY filed in the Superior Court on May 8,
1968.

The suit was heard by *Kalus*, J.

The case was submitted on briefs.

*Frank G. Lichtenstein & Mark Lichtenstein* for the plaintiff.
*Arthur A. Karp*, pro se.

WILKINS, C.J.   The Colonial Bank and Trust Company
brings this bill in equity against Mary A. Sheehan; her
husband, Gerard S. Sheehan; Arthur A. Karp; and Dora E.
Dunderdale.   Its purpose is to seek a binding declaration
whether an attachment of real estate at 43 Grove Hill
Avenue, Newtonville, in a suit against Mary A. Sheehan
and a levy thereon take precedence over mortgages given
by the Sheehans to the defendants Karp and Dunderdale.
The trial judge entered a final decree which declared that
the mortgages take precedence.   The plaintiff appealed.

The judge made findings of the material facts. The evidence is reported.

On October 1, 1962, Mary A. Sheehan, nee Mary A. McCormack, who was of that date unmarried, took title to the locus in her then name (Mary A. McCormack) from the defendant Gerard S. Sheehan, and on October 23, 1962, the deed was duly recorded in the Middlesex South District registry of deeds. In November, 1962, she married Gerard. On November 14, 1964, the defendants "Gerard S. Sheehan and Mary A. Sheehan, formerly Mary A. McCormack, husband and wife, in her own right," executed a first mortgage of the locus to the Newton Co-operative Bank to secure the payment of $19,000. On November 17, 1964, the mortgage was recorded in the registry. Its validity is not in question in this case. On May 5, 1965, "Gerard S. Sheehan and Mary A. Sheehan, wife of said Gerard S. Sheehan, in her own right" executed a second mortgage of the locus to the defendant Arthur A. Karp to secure the payment of $17,000. The mortgage was recorded on August 20, 1965. On September 14, 1965, Mary A. Sheehan executed a third mortgage on the locus to the defendant Dora E. Dunderdale to secure the payment of $9,600. The mortgage was recorded on September 16, 1965. The trial judge concluded that each of the mortgages is a valid obligation of the defendants Sheehan. On November 23, 1966, the plaintiff brought an action at law against "Mary A. Sheehan, formerly Mary A. McCormack," in the Superior Court, Middlesex County, and on November 25 made an attachment of her real estate in both names in Middlesex County. This attachment was recorded in the registry of deeds on the same day. On April 8, 1968, the plaintiff recovered judgment against Mary A. Sheehan in the amount of $20,070.77, and execution issued on April 9. On April 25, 1968, levy was made on the real estate of "Mary A. Sheehan, formerly Mary A. McCormack," and the levy and execution were recorded in the registry of deeds on May 1. The defendants Sheehan are in default in the payment of the Karp and Dunderdale mortgages. On February 9, 1968,

the defendant Dunderdale petitioned the Land Court to authorize the foreclosure of her mortgage.

According to an attorney at law and title examiner who testified for the plaintiff, the grantor index at Middlesex South District registry of deeds does not refer to Mary A. Sheehan as being formerly Mary A. McCormack. The plaintiff contended before the trial judge that for this reason its attachment should take precedence over the mortgages. It is not questioned that an attaching creditor stands in the position of a purchaser for value. See *Woodward* v. *Sartwell,* 129 Mass. 210, 212.

By the recording statute, G. L. c. 183, § 4, which stems from Colonial Laws, c. 28, § 4, and St. 1697, c. 21, § 2, "A conveyance of an estate in fee simple . . . shall not be valid as against any person, except the grantor . . . his heirs and devisees and persons having actual notice of it, unless it . . . is recorded in the registry of deeds for the county or district in which the land to which it relates lies. . . ." The Karp and Dunderdale mortgages fully complied with this statute. They were recorded in the proper county under the names of the grantors at the time of the conveyances. There is no evidence of fraud nor claim of any. Nothing more was required.

In *Gillespie* v. *Rogers,* 146 Mass. 610, 611, there is a statement of the pertinent principles, "It is contended . . . that the record of the deed signed James Howes did not give a good constructive notice of a conveyance of the title of James N. Howes. But since the deed was valid as against the grantor and his heirs and devisees without registration, it would seem that the registration would make it valid as against all persons. Such seems to be the effect of the statute. Rev. Sts. c. 59, §§ 1, 28.[1] The title passed by the deed, not by the registration. But to give this title full effect . . . there must be actual notice of the deed, or registration, which is constructive notice. *Dole* v. *Thurlow,* 12 Met. 157, 162. *Earle* v. *Fiske,* 103 Mass.

---

[1] A predecessor of G. L. c. 183, § 4.

491." It was further said at p. 612, ". . . where deeds or other instruments requiring to be recorded are given or received by persons or corporations known by different names, the records may fail to furnish exact and literal information; and yet, where the instrument itself is a genuine one, and has been executed in good faith, the record has been held sufficient to furnish constructive notice of the real transaction." See *Norris* v. *Anderson*, 181 Mass. 308, 312–313; *Solomon* v. *Nessen*, 263 Mass. 371, 375.

Under similar circumstances it was said in *Fallon* v. *Kehoe*, 38 Cal. 44, 50: "If land be conveyed to an unmarried woman, who afterward marries and becomes a widow, and then conveys the land by her last name, there can be no doubt that the record of the deed would impart notice to a subsequent purchaser; or if the name of the owner be changed by Act of the Legislature, and he afterward conveys by his new name, we apprehend there can be no doubt, as the law now stands, that his deed, when recorded, would impart notice."

The purpose of the argument of the plaintiff bank is to acquire a windfall by eliminating the total of the second and third mortgages, which aggregate in principal $26,600, and are in date of record senior to the bank's attachment of November 25, 1966. An examination of the title as of that date would have revealed the first mortgage to the Newton Co-operative Bank and with it the precise relationship of their grantors and both the maiden name and the married name of the wife. A thorough examination of title would have involved a careful reading of the mortgage instruments themselves and would not have been confined to a check of only the indices. The amount of a mortgage instrument could have been discovered from an examination of the actual documents. The plaintiff had constructive notice of information which such an examination of the instruments in his chain of title would have revealed. *White* v. *Foster*, 102 Mass. 375, 380. Am. Law of Property, § 17.17.

Moreover, it is clear that at the time the plaintiff made its

attachment it was aware of the change of name. With this knowledge, the plaintiff was not warranted in its examination of the title in relying on a search under the name Mary A. McCormack only. A careful examiner would have searched the records under both names.

*Decree affirmed.*