Gants, J.
The plaintiff, Mac-Gray Services, Inc. (“Mac-Gray”), brings this action against the defendants Bay Macy LLC (“Bay Macy”) and Bay Brown LLC (“Bay Brown”), alleging breach of a lease (Count I), unfair and deceptive trade practices pursuant to G.L.c. 93A (Count II), and conversion (Count III). Mac-Gray now moves for summary judgment on Count I. For the reasons discussed below, Mac-Gray’s motion for partial summary judgment is ALLOWED.

BACKGROUND

In evaluating a motion for summary judgment, I must rely on facts not in dispute as well as disputed facts viewed in the light most favorable to the nonmov-ing party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently the facts stated below are presented in the light most favorable to the defendants and should not be misunderstood as findings of the Court.
On March 12, 1992, Mac-Gray and Herbert L. Oliver, d/b/a Oliver Associates (“Oliver”), entered into two essentially identical lease agreements (the “Leases”) regarding the provision of washers and dryers to residential buildings owned by Oliver at 45 Macy Street in Amesbury (called Hampshire Place) and 204 Market Street in Amesbury (called Green Acres) (collectively, “the Properties”).[1] Under the terms of the Leases, Mac-Gray agreed to install Maytag automatic washing machines and Maytag dryers (the “laundry equipment”) at each of the Properties, to service the laundry equipment, and to pay Oliver a percentage of all revenue generated from the laundry equipment. The term of the Leases was ten years from the date of delivery of the laundry equipment. The Leases pro *573 vided, “This Lease shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the parties hereto, including but not limited to a successor as a result of the conversion to any other type of ownership of all or part of the Premises.” There is no dispute that the defendants are successors or assigns under the terms of the Lease.
Mac-Gray recorded Notices of Lease at the Essex County Registry of Deeds containing the following information required under the governing statute, G.L.c. 183, §4: a) the date of execution; b) a description of the premises; c) the term of the Lease; d) the date of commencement; and e) rights of renewal. Each Notice of Lease for the two Properties described the Lessor as Oliver Associates and was signed by Herbert Oliver as the owner and lessor of the Property.
In April 1992, Mac-Gray installed the laundry equipment. After installing the laundry equipment, Mac-Gray complied with its obligations under the Leases by servicing the laundry equipment and paying Oliver a percentage of all revenues generated by the laundry equipment according to the agreed schedule set forth in the Leases.
At some point prior to April 1996, Bay Macy acquired Hampshire Place and Bay Brown acquired Green Acres from Oliver. In April 1998, with no actual knowledge of the existence of the Leases, the defendants entered into an agreement with Wash & Dry, Inc. to furnish the laundry services to the Properties that previously had been furnished by Mac-Gray. Having signed on with a new provider, the defendants disconnected Mac-Gray’s laundry equipment with 48 months remaining in the Lease. Mac-Gray then brought this lawsuit, and now seeks summary judgment on its breach of contract claim.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Where “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, 390 Mass. at 422.
There is no dispute that, if the defendants had actual or constructive notice of the Lease, they were bound to comply with its terms. Under G.L.c. 183, §4, a lease of more than seven years duration is valid as to all persons who either had actual or constructive notice of it. Under Massachusetts law, the recording of a Notice of Lease in the form specified in G.L.c. 183, §4 constitutes constructive notice of the Lease. Universal Container Corp. v. City of Cambridge, 361 Mass. 58, 61 (1972) citing G.L.c. 183, §4. The defendants argue that the misidentification of the Lessor in the Notices of Lease as Oliver Associates rather than Herbert Oliver means that Mac-Gray failed to provide constructive notice, because their title examiner did not (and could not have been expected to) discover the Notices of Lease when examining the title in connection with their purchase of the Properties from Herbert Oliver.
Massachusetts courts have long recognized that “where deeds or other instruments requiring to be recorded are given or received by persons or corporations known by different names, the records may fail to furnish exact and literal information; and yet, where the instrument itself is a genuine one, and has been executed in good faith, the record has been held sufficient to furnish constructive notice of the real transaction.” Colonial Bank & Trust Co. v. Sheehan, 357 Mass. 239, 242 (1970) quoting Gillespie v. Rogers, 146 Mass. 610, 612 (1888). Indeed, in Gillespie, the Supreme Judicial Court recalled the case of Ouimet v. Sirois, 124 Mass. 162, where a man by the name of Germain Sirois, sometimes called John Keever, made an assignment of future earnings using the name of Joseph Cyr. Gillespie at 613. The mistake was made in good faith; Sirois/Keever / Cyr spoke no English. Id. The Supreme Judicial Court held that the recording in the name of Cyr constituted constructive notice under the statute and therefore was good as against attaching creditors. Id. Similarly in Norris v. Anderson, 181 Mass. 308 (1902), there was an attachment recorded against a defendant identified in the pleadings as John “Kovarik.” The attachment was properly recorded at the Registry of Deeds, but was indexed under “Kavarik” and not “Kovarik.” The Supreme Judicial Court held that the mis-indexed recording constituted constructive notice under the statute. Id. at 313. The Court noted that “[instances are not rare in which the constructive notice provided for by statutes requiring the registration of instruments proves insufficient to protect the interests of those for whose benefit they are intended, but who do not for that reason have a right to priority.” Id. See also Gillespie v. Rogers, 146 Mass. at 612 (“It is obvious that, under this rule, one searching the records may fail to find all that is necessary for his protection; but nevertheless he will be bound”).
In view of G.L.c. 183, §4 and the case law governing its interpretation, this Court is constrained to find that the defendants had constructive notice of the Leases through the recorded Notices of Lease. The mere fact that the Lessor was identified in the Notice of Lease as Oliver Associates, with Herbert Oliver identified as the Owner of this entity, does not change the fact that, as a matter of law, the defendants had constructive notice of the Lease. Indeed, since any Registry search for “Oliver” should have revealed a Lease affecting this Property in the name of “Oliver Associates,” this case does not even raise the equitable concerns that the Supreme Judicial Court recognized in Gillespie and Norris were the inevitable consequences of its rulings. Since the defendants had constructive notice of the *574 Leases and were assignees or successors of Oliver as defined in the Leases, these Leases were binding upon them. Since there is no dispute that they failed to comply with the terms of the Lease, Mac-Gray is entitled to summary judgment as to liability on its breach of contract claim.
Mac-Gray contends that it should also be entitled to summary judgment as to damages on this claim, since the Leases provide for liquidated damages in the amount of 75 percent of the average monthly cash receipts from the laundry equipment multiplied by the number of months remaining in the Term. Mac-Gray calculates that the amount of liquidated damages owed by Bay Macy on the Hampshire Place Property equals $21,807.36: 75 percent of the monthly rental receipts of $605.77 [$454.32] multiplied by the 48 months remaining in the term. Mac-Gray calculates that the amount of liquidated damages owed by Bay Brown on the Green Acres Property equals $28,689.60: 75 percent of the monthly rental receipts of $796.94 [$597.70] multiplied by the 48 months remaining in the term. There is no factual dispute that these calculations are correct; the only dispute is whether the liquidated damages provisions are enforceable.
The Supreme Judicial Court has recently declared:
[A] judge, in determining the enforceability of a liquidated damages clause, should examine only the circumstances at contract formation. Our position is that ‘[w]here actual damages are difficult to ascertain and where the sum agreed upon by the parties at the time of the execution of the contract represents a reasonable estimate of the actual damages, such a contract will be enforced." [quoting A-Z Servicenter, Inc. v. Segall, 334 Mass. 672, 675 (1956)] Liquidated damages will not be enforced if the sum is “grossly disproportionate to a reasonable estimate of actual damages” made at the time of contract formation, [quoting Lynch v. Andrew, 20 Mass.App.Ct. 623, 628 (1985)]
Kelly v. Marx, 428 Mass. 877, 880 (1999). This Court finds that, based on the legal principles established in Kelly and the undisputed facts in this case, the Leases’ liquidated provisions are enforceable. Actual damages would be difficult to ascertain in this case, since they are measured by the anticipated loss in monthly rental receipts from the laundry equipment over the four years remaining on the Lease, less the revenues that equipment would earn if put to use elsewhere. Estimating those losses to be 75 percent of the lost monthly rental receipts is a reasonable compromise. Moreover, it makes sense for the parties to the Lease to agree upon a liquidated damage compromise when the time, effort, and cost involved in litigating the issue of actual damages would likely be disproportionate to the amount at stake. See id. at 880-82.
ORDER
For the reasons stated above, the plaintiffs Motion for Partial Summary Judgment on Count I is ALLOWED as to both the defendants Bay Macy and Bay Brown, with liquidated damages awarded against Bay Macy in the amount of $21,807.36 and liquidated damages awarded against Bay Brown in the amount of $28,689.60.

 The Leases differ only in the descriptions of the Properties and the number of dryers to be delivered and serviced— Hampshire Place was to receive six dryers while Green Acres was to receive nine.