CHARLES E. GIFFORD *vs.* CATHERINE ROCKETT & trustee.

Bristol. Oct. 24, 1876. — Jan. 20, 1877. DEVENS & LORD, JJ., absent.

The Fall River Print Works was summoned as trustee in a process of foreign attachment. A claimant filed with his declaration an assignment duly recorded of the wages of the principal defendant from the " Robeson Print Works," and offered evidence tending to show that the trustee was as well known by that appellation as by its corporate name, and that it accepted the assignment. The judge, who tried the case, without a jury, ruled that there was no variance between the declaration and proof, and found for the claimant. *Held*, that the plaintiff had no ground of exception.

TRUSTEE PROCESS, begun in the Police Court of Fall River, in which the Fall River Print Works was summoned as trustee. The principal defendant and trustee were there defaulted, and James Featherstone appeared as claimant of the funds in the hands of the trustee, and filed a declaration, to which was annexed an assignment to him, duly recorded, of the wages of the principal defendant due and to be due to her from the " Robeson Print Works, a corporation doing business in said Fall River."

At the trial in the Superior Court, before *Wilkinson*, J., on appeal, without a jury, the claimant offered in evidence the assignment, and testified, that the business of the Fall River Print Works was conducted by one Robeson, as principal agent; that the Fall River Print Works was known as well by the name of the Robeson Print Works as by its corporate name, and that the assignment was accepted by the Fall River Print Works, by some person in its employ who paid over money under it. To the admission of the assignment as evidence, and to the admission of the testimony, the plaintiff excepted.

It was in evidence on the part of the plaintiff, that the trustee was incorporated in 1848, under the corporate name of the Fall River Print Works, for the purpose of making cotton and woollen goods, and that there was another corporation incorporated in 1866, in Fall River, by the name of the Robeson Mills, for the same purpose.

The judge ruled that there was no variance between the claimant's declaration and his proof, and found, upon the evidence, for the claimant; and the trustee was discharged as to the amount of the claim of the claimant, and charged, upon its

default, for the balance in its hands. The plaintiff alleged exceptions.

*A. N. Lincoln*, for the plaintiff.

*H. K. Braley*, for the claimant.

AMES, J. It appears that there is no corporation "doing business at said Fall River," which was incorporated under the name of the "Robeson Print Works." The evidence tended to show that the corporation upon which this process was served was known as well by that appellation as by its true corporate name. There is no question as to the identity of the fund which the principal defendant intended to assign to the claimant. The assignment was accepted and acted upon by the trustee, notwithstanding the alleged misnomer. It was recorded in compliance with the St. of 1865, *c.* 43, § 2 ; and if there was in fact a corporation doing business at Fall River, known as the Robeson Print Works, it was a valid assignment of the defendant's claims upon that corporation, and could not be defeated by a trustee process. It has been settled that a body corporate may be known by different names ; *Minot* v. *Curtis*, 7 Mass. 441; and that a variance from the corporate or charter name is immaterial, provided there be no question as to identity, a question which is to be settled upon inquiry into facts and circumstances. *Medway Cotton Manufactory r. Adams*, 10 Mass. 360. *Commercial Bank* v. *French*, 21 Pick. 486, 491. *Tucker* v. *Seaman's Aid Society*, 7 Met. 188, 209. The object of the record is to give notice to creditors, and enough was done in this case at least to put the plaintiff upon inquiry. We must consider it settled by the finding of the judge as a matter of fact and notoriety, that the trustee was known by the name used in the assignment as well as by its true corporate name, and that therefore the plaintiff was as effectually notified by the record, as if no misnomer had occurred. Upon such finding it was correctly ruled that there was no variance between the declaration and the proof, and the plaintiff's *Exceptions are overruled.*