JAMES TERRY *vs.* SARAH F. SISSON & trustee.

Bristol.   Oct. 24. — Nov. 7, 1878.   ENDICOTT & LORD, JJ., absent.

A writ was made out against S. S., and a savings bank summoned as trustee. The writ was in fact served on S. F. S., and was afterwards amended accordingly. After service of the writ on the bank, and before the amendment, the bank paid to S. F. S. funds in its possession, deposited by him. No notice to, or knowledge by, the bank, that S. F. S. was the person intended to be sued, was shown. *Held,* that the bank was not chargeable as trustee.

TRUSTEE PROCESS. The writ was dated November 29, 1876, and, as originally sued out, returnable to the Second District Court of Bristol on the second Monday of December, 1876, was against Sarah Sisson as defendant, and the Fall River Savings Bank as trustee. The officer's return showed that service thereof was made on the trustee on December 1, and on the defendant on December 5, 1876.

On January 19, 1877, upon the affidavit of the officer that the service last mentioned was made on Sarah F. Sisson, the District Court allowed the plaintiff to amend his writ, by making the defendant's name Sarah F. Sisson.

The trustee afterwards filed an answer, stating that, at the time of the service upon it, there was not any person of the name of Sarah Sisson, who was a depositor in the bank, or to whom the bank was indebted. The trustee, in answer to interrogatories filed by the plaintiff, further answered that it appeared by the books of the bank that on December 1, 1876, a person by the name of Sarah F. Sisson was a depositor in the bank, having a credit of $53.19, and that that account was withdrawn by her from the bank on December 5, and that the bank had not at any time taken from her, or from any other person, any bond of indemnity or promise of repayment, in case the bank should be held liable in this or any other action.

The District Court gave judgment for the plaintiff against the defendant, and discharged the trustee; the plaintiff appealed to the Superior Court, which affirmed the judgment; and the plaintiff then appealed to this court.

*J. F. Jackson,* for the plaintiff. The amendment in this action, changing the name of the defendant from Sarah Sisson to

Sarah F. Sisson, was an amendment of form merely, and did not affect the attachment of the funds in the hands of the trustee, since it introduced no new party or cause of action. *Wight* v. *Hale*, 2 Cush. 486. The amendment in this action is at least binding upon all the parties thereto ; the trustee is one of the parties. No subsequent attaching creditor or other person has acquired any title or right to the funds in the hands of the trustee since the attachment was made. A trustee cannot affect the question of his being charged or discharged, by paying over the funds in his hands, without awaiting the final action of the court. *Vermilyea* v. *Roberts*, 103 Mass. 410. *West* v. *Platt*, 116 Mass. 308. *Langmaid* v. *Puffer*, 7 Gray, 378.

*E. Williams*, for the trustee.

GRAY, C. J. It is well settled in this Commonwealth that the middle name or initial is an essential part of the name. Sarah Sisson and Sarah F. Sisson are therefore different names. *Commonwealth* v. *Hall*, 3 Pick. 262. *Commonwealth* v. *Shearman*, 11 Cush. 546. *Commonwealth* v. *McAvoy*, 16 Gray, 235. The misnomer could not indeed be taken advantage of by the principal defendant, who had been duly served and had suffered a default; and it might, as between her and the plaintiff, be amended, at the discretion of the court. *Trull* v. *Howland*, 10 Cush. 109. *Crafts* v. *Sikes*, 4 Gray, 194. *Langmaid* v. *Puffer*, 7 Gray, 378. But such an amendment cannot affect intervening rights of third persons. The only writ served upon the trustee was against Sarah Sisson. The trustee, having no funds belonging to any person of that name, and acting, so far as appears, in good faith and with no notice or knowledge that the person intended to be sued was Sarah F. Sisson, lawfully paid over to the latter the funds in its hands belonging to her, and cannot by the subsequent amendment of the writ be made liable to pay the same over again to the plaintiff.

The cases, on which the counsel for the plaintiff relies, contain no adjudication inconsistent with this conclusion, although expressions in some of the opinions might, apart from the facts to which they applied, seem to countenance his position. In *Langmaid* v. *Puffer*, above cited, the question arose between the plaintiff and defendant. In *Wight* v. *Hale*, 2 Cush. 486, and in *West* v. *Platt*, 116 Mass. 308, the writ was sued out by or

against two partners, described and clearly identified by the true names of the partnership and of one partner, although there was a clerical error or omission in the name of the other partner. In *Vermilyea* v. *Roberts*, 103 Mass. 410, the trustee's answers admitted that he still held the funds after the amendment of the writ, so that he was *primâ facie* chargeable; and the mere fact that he had, before the amendment, received a copy of an assignment of the funds, without further proof of its existence or validity, did not show, as matter of law, that the court below erred in charging him. *Richards* v. *Smith*, 9 Gray, 315. *Lane* v. *Felt*, 7 Gray, 491. *Judgment affirmed.*