ELIAS R. CLEAVELAND *vs.* BOSTON FIVE CENTS SAVINGS BANK.

Suffolk.   March 28, 1879. — June 25, 1880.   COLT & AMES, JJ., absent.

Land conveyed to a single woman was, after her marriage, attached in an action against her by her maiden name, the creditor being ignorant of the marriage. Judgment was afterwards recovered against her by the same name, and the land was sold on execution. After the attachment and before judgment, the woman, by her married name, and adding her former name, mortgaged the same land to a person who had no actual notice of the attachment. *Held,* that the attachment took precedence of the mortgage. *Held, also,* that the fact that, after her marriage and before the attachment, she made a conveyance of land in the same county by her married name, was not constructive notice to the attaching creditor of the marriage.

A writ of entry against a mortgagee of land, to which the plea was *nul disseisin,* was submitted to the court on agreed facts, which set forth the respective titles of the parties and stated that the mortgagee had never taken possession of the demanded premises, although there had been a breach of condition. *Held,* that, if the demandant had the better title, he was entitled to judgment.

WRIT OF ENTRY, dated June 2, 1877, to recover a parcel of land in Chelsea. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the tenant, to this court on appeal, on the following agreed facts:

The plaintiff claimed title to the demanded premises under a sale made on June 3, 1876, by virtue of a writ of execution issued upon a judgment recovered on March 20, 1876, in the Superior Court for Suffolk County, in a suit by the plaintiff against Elizabeth B. Howarth, in which suit a general attachment was made, on December 21, 1874, of the real estate of Elizabeth B. Howarth in Suffolk County. The sheriff's deed to the plaintiff bears date June 3, 1876, and was duly recorded the same day.

The tenant at the date of the demandant's writ in this action, was the owner of a mortgage upon the demanded premises, dated May 10, 1875, acknowledged May 17, 1875, and recorded August 9, 1875, from "Charles O. Manny and Elizabeth B. Manny, (formerly Elizabeth B. Howarth), his wife in her right." By the conditions of the mortgage, the mortgagors were to pay $1400 in three years from date, and interest semiannually on June 1 and December 1 in each year. The usual clause, that until breach of condition the grantee should have no right to enter and take possession of the premises, was omitted. No actual possession of the premises under the mortgage, or otherwise, had been taken by the tenant. The interest on the mortgage debt was paid only to December 1, 1876.

Elizabeth B. Manny, whose former name was Elizabeth B. Howarth, was married to Charles O. Manny at some time prior to November 12, 1874, and took the name of Elizabeth B. Manny; and the premises were conveyed to her, and the deed recorded some years before her said marriage, when her name was Elizabeth B. Howarth.

A conveyance of other real estate in Suffolk County was made and recorded in the registry of deeds on November 14, 1874, by and in the name of Charles O. Manny and said Elizabeth B. Manny, his wife, in her right.

The plaintiff did not know or hear of the marriage of Elizabeth B. Howarth until after the entry of his writ in January 1875, and knew her only by her maiden name; and the cause of action upon which he obtained judgment against her was a contract, dated November 7, 1874, signed "Elizabeth B. Howarth by C. O. Manny."

On these facts the court was to enter such judgment as the case might require.

*C. S. Lincoln,* for the demandant.

*C. F. Kittredge,* for the tenant.   The attachment of December 14, 1874, was not valid against this tenant, who took the mortgage without notice of any attachment.   Although the defendant in the former suit did not plead the misnomer, yet the mortgagee was not a party to that suit, and can in no way be affected by anything she did or failed to do.   It is immaterial to the issue in this case whether or not the demandant knew that Miss Howarth had become Mrs. Manny, or that his contract with her was in her former name.   He was bound to know her correct name when he brought his suit, or take the consequences of bringing a suit and making an attachment which was of no effect.

The defendant in the first suit, in her legal name of Manny, made a conveyance of other real estate in Suffolk County, and the deed was recorded on November 14, 1874, a month and ten days before the plaintiff's attachment was made in the name of Howarth.   The plaintiff now attempts to make the savings bank suffer for his ignorance of the defendant's name in the first suit.   The savings bank had no notice and no means of knowing whether the real estate was under attachment except from the records and copies of writs filed in the registry of deeds.

At the time the mortgage was taken and recorded, there was no copy of a writ or record of any kind showing an attachment upon the real estate of Elizabeth B. Manny; and neither at the time when the mortgage was taken nor at the time when the attachment was made was there in existence any person by the name of Elizabeth B. Howarth.   Gen. Sts. *c.* 123, §§ 51, 52. St. 1873, *c.* 297, § 1.

As the tenant was never in possession of the demanded premises, under its mortgage or otherwise, the demandant cannot recover possession of the premises in this action; his writ should have been brought against the party in actual possession.   The fact that the semiannual instalment of interest on the mortgage note due June 1, 1877, had not been paid on June 2, 1877, when the writ in this action was brought, is immaterial.   If there was default in the condition of the mortgage on June 2, 1877, it only gave the mortgagee the right to take possession, and not the

right of possession. Some act remained to be done by the mort-
gagee before it had any right of possession. *Farnsworth* v. *Bos-
ton*, 125 Mass. 1.

ENDICOTT, J. The demandant in this writ of entry brought
an action, in December 1874, against Elizabeth B. Howarth on a
written contract dated November 7, 1874, signed " Elizabeth B.
Howarth by C. O. Manny ; " and the demanded premises, the
title to which then stood in the name of Elizabeth B. Howarth,
were duly attached under a general attachment of all her real
estate in the county of Suffolk. After the date of this contract,
and before the action upon it was brought, she was married to
Charles O. Manny ; but of this fact the demandant had no knowl-
edge until after the entry of his action against her. The case
was prosecuted to judgment, execution issued thereon in March
1876; and, under a sheriff's sale, as provided in the St. of 1874, *c.*
188, the demanded premises were duly conveyed to the demand-
ant in June 1876. She did not plead the misnomer, and, as the
action proceeded to judgment and execution, it was a waiver of
the error, and the execution could properly be enforced against
her, and her property taken to satisfy it. *Trull* v. *Howland*, 10
Cush. 109. *Fitzgerald* v. *Salentine*, 10 Met. 436. *Sanford* v.
*Hodges*, 11 Gray, 485. *Langmaid* v. *Puffer*, 7 Gray, 378. No
question is made of her identity, and, as against her, the title of
the demandant is complete. In *Scanlan* v. *Wright*, 13 Pick. 523,
it was held that a deed to a married woman by her maiden name
vested a title in her ; she being known to the grantor only by
her maiden name, and it appearing that she was the person to
whom the conveyance was intended to be made, and that there
was no other person claiming to bear the name used in the deed,
or claiming title under it. Chief Justice Shaw said, " As to the
deed being made to the female petitioner, we think it is the
common case of a person known by different names."

The tenant sets up title under a mortgage deed of the de-
manded premises, signed and executed by Charles O. Manny and
Elizabeth B. Manny in her own right, and dated and acknowl-
edged in May 1875; and it is contended that the tenant had no
means of knowing whether the demanded premises were under
attachment, except from the records and copies of writs on file
in the registry of deeds, as provided in the Gen. Sts. *c.* 123,

§§ 51, 52; St. 1873, *c.* 297, § 1; that, at the time the mortgage was taken, there was no record or copies showing an attachment of the estate of Elizabeth B. Manny; and that the attachment actually recorded is invalid as against the mortgage.

But we are of opinion that this position is untenable. The attachment of the demanded premises, which stood in the name of Elizabeth B. Howarth, having been conveyed to her some years before her marriage, was duly made, and copies of the original writ and of the officer's return, as provided by law, were deposited in the registry of deeds, as required in the St. of 1874, *c.* 293. The demandant at that time did not know that she had been married and bore another name, but he brought his action against the right person, and the property attached was her property. Nothing seems to have been omitted intentionally, which the law requires, on the part of the demandant or the officer, to make the attachment on the writ effectual. It was not the case of the use of the name of another person, or of the fraudulent use of a fictitious name, or of a fraudulent attempt to conceal the fact that an attachment had been made. *Ouimet* v. *Sirois*, 124 Mass. 162. And it would seem also that, when the officer had deposited the copies in the registry, he had done all that the law required of him to do, in order to make a valid attachment, even if the record did not distinctly disclose that the attachment had been made. *Sykes* v. *Keating*, 118 Mass. 517. But the record here did distinctly disclose that this property had been attached in the name of the person in whom the record title stood. The tenant had the means of ascertaining the attachment, and from the recitals of the mortgage deed had such knowledge of Elizabeth B. Howarth's marriage, and of the fact that the demanded premises were conveyed to her before marriage, by a deed recorded in her maiden name, as to put it upon inquiry and search of the records after as well as before her marriage. An examination of the records for conveyances by Elizabeth B. Howarth of this property, recorded before her marriage, would not have been sufficient, for she may have made a deed while unmarried, but recorded after marriage and before the mortgage. So proper precaution required the tenant to examine the records for attachments in suits against her before marriage in her maiden name, and for attachments against her in that name after as well as before her

marriage. An attachment of these premises made before her marriage, on a writ against her in the name of Elizabeth B. Howarth, would not necessarily be recorded till after her marriage; for if the sheriff deposits the copies of his writ and attachment in the registry " within three days after the day on which the attachment is made, the attachment shall take effect from the time it is made; otherwise, from the time the writ or copy is so deposited." Gen. Sts. c. 123, § 54. This section is amended by the St. of 1860, c. 70, which provides that the attachment shall not take effect against purchasers for a valuable consideration and in good faith, until the writ or copy has been deposited.

A search, therefore, of the registry must have disclosed this attachment, although it was made on a writ dated some time after the marriage. The tenant was put upon inquiry, had the means of ascertaining the attachment, and, if it had exercised proper caution, would have known it. The tenant thus took its mortgage subject to the attachment.

The fact that Elizabeth B. Manny made a conveyance, after her marriage and before the attachment, of other real estate in the county of Suffolk standing in her maiden name, was not constructive notice to the demandant of her marriage.

The fact that the tenant was not in possession is not decisive. The pleadings put in issue only the demandant's title; *Johnson* v. *Boardman*, 6 Allen, 28; and, the case being submitted on an agreed statement of facts, it may be decided on the merits, and the only question open is whether the demandant can recover against the tenant in any form of action. *Esty* v. *Currier*, 98 Mass. 500. *West Roxbury* v. *Minot*, 114 Mass. 546, and cases cited. As the attachment, upon the facts before us, took precedence of the mortgage, there must be

*Judgment for the demandant.*