MAXIMILIAN O. DIETTRICH vs. SIEGFRIED WOLFFSOHN.

Suffolk. Nov. 26, 1883. — Jan. 5, 1884. C. ALLEN & HOLMES, JJ., absent.

The amendment of a writ against "William Robinson," by inserting the words "otherwise called William J. Robinson," does not vacate an attachment of personal property, so as to give a mortgage of the property to a third person, made after the attachment and before the amendment, priority over the attachment, of which the mortgagee was ignorant.

If the Pub. Sts. c. 167, § 85, apply to an amendment of a writ by correcting a clerical error in the name of the defendant, the only effect of an omission to give, to a mortgagee of the property attached on the writ, notice of the application for leave to amend, is that he is not precluded from the right to contest the effect of the amendment, in an action against the attaching officer for a conversion of the property.

TORT, for the conversion of certain personal property. Answer, a general denial. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, in substance as follows :

On June 3, 1882, William J. Robinson was the owner of the property involved in this action. On that day, the defendant, as a constable of the city of Boston, took possession of said property, having attached it on a writ in favor of Joseph R. Bassett against William Robinson, and served a summons on said William J. Robinson in hand, on said June 3. On June 6, 1882, William J. Robinson gave a mortgage of said property, for a valuable consideration therein expressed, to the plaintiff in this action. Immediately before taking said mortgage, the plaintiff made inquiry of the Mercantile Agency, a company established for the purpose of rating the credit of men in business in Boston and elsewhere, and upon the report of said company, which was, in substance, that there was no mortgage and no attachment upon said property, and without notice of any attachment, and without notice of any acts of said Bassett, or of William or William J. Robinson, or of any acts of this defendant, the plaintiff, in good faith, accepted said note and mortgage, and paid for it said consideration at that time.

The plaintiff did not visit Robinson's store, nor make inquiry of any one at said store concerning said property, except of William J. Robinson. The mortgage was in the usual form, with a covenant of warranty ; and it was properly recorded with the clerk of the city of Boston on said June 6. The plaintiff

was entitled to immediate possession of said property under the mortgage, as against William J. Robinson, by the terms of the mortgage, and upon the execution thereof. The defendant had possession of said goods, claiming to hold them under the attachment upon said writ.

After the execution of the mortgage, and service of summons, upon notice to the plaintiff, but not from this defendant, that the defendant claimed to hold said goods as above recited, the plaintiff gave proper notice and made proper demand upon the defendant. The writ against Robinson was duly entered in court on June 10, 1882. On June 12, 1882, Bassett moved to amend his writ by inserting after the name of " William Robinson " the words " otherwise called William J. Robinson," having previously notified both Robinson and the plaintiff of said motion. The motion was allowed, neither the plaintiff nor Robinson appearing to contest it. William J. Robinson appeared in said action, and consented to judgment. The property was duly sold by the officer, on execution, the entire proceeds of the sale being required to satisfy the judgment. The defendant has at all times refused to satisfy, in whole or in part, the plaintiff's claim by reason of the mortgage, or to deliver up the goods.

*C. W. Cushing*, for the defendant.

*E. C. Gilman*, for the plaintiff.

COLBURN, J. The amendment was properly allowed. Pub. Sts. c. 167, §§ 41, 42. *Crafts* v. *Sikes*, 4 Gray, 194. No new party or new cause of action was introduced. The amendment was merely the correction of a clerical omission, and did not vacate the attachment so as to give the plaintiff's mortgage priority to it. *Haven* v. *Snow*, 14 Pick. 28. *Wight* v. *Hale*, 2 Cush. 486. *Cain* v. *Rockwell*, 132 Mass. 193.

The plaintiff is apparently in the same condition he would have been in if Robinson's name had been correctly stated in full in the writ. At the time he took his mortgage, the mortgaged property was in the custody of the officer, under the attachment; but the plaintiff was ignorant of this fact, and, so far as he shows, would have been equally ignorant, if there had been no error in the name of the defendant in the writ; and this distinguishes the case at bar from that of *Terry* v. *Sisson*, 125 Mass. 560, upon which the plaintiff relies.

If the Pub. Sts. *c.* 167, § 85, can be held to apply to an amendment of a mere clerical error, the only effect of the omission to give the present plaintiff notice of the application for leave to amend, in the manner provided for in that section of the statute, is, that he is not precluded from the right to contest the effect of the amendment in the present action.

*Judgment for the defendant.*