GEORGE W. NORRIS *vs.* ANDERS G. ANDERSON.

Middlesex. March 21, 1902. — May 19, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Attachment. Practice, Civil,* Amendment.

Real estate was attached as the property of John Kavarik. There was no such person, and the owner's true name was John Kovarik. There was no fraud or attempt to conceal the attachment, and John Kovarik had actual notice of the service of the writ upon him. He did not plead the misnomer in abatement. *Held,* that on these facts the attachment could be found to be good against one who purchased the land without notice of it.

A description of land in an attachment is good if it would be sufficient to pass the land in a grant by the owner.

The only effect of an omission to give notice to a defendant of an amendment of the writ, which does not change or enlarge the cause of action or introduce any new party, is that the defendant is not precluded by the allowance of the amendment from afterwards contesting it.

Amendments to cure mere defects in form or clerical errors do not affect attachments. To dissolve an attachment or make it ineffectual as against a subsequent attaching creditor, purchaser or surety, the amendment must be such as to let in some new demand or cause of action.

Amending a writ by changing the name of the defendant from John Kavarik to John Kovarik, does not dissolve an attachment previously made on the same writ upon real estate of the defendant described as property of John Kavarik.

WRIT OF ENTRY, dated March 26, 1900, for certain premises on Wood Street in Woburn.

At the trial in the Superior Court before *Hardy*, J., without a jury, it appeared, that the tenant claimed title to the premises under a deed from one John Kovarik of Woburn to the tenant, dated October 27, 1899. The demandant claimed title under a sheriff's deed dated February 14, 1900, and by virtue of an attachment, made in the suit of one Alexander Ellis against the grantor of the tenant, on October 16, 1899.

The evidence tended to show that John Kovarik, on September 28, 1899, orally agreed to convey to the tenant the premises in question, the deed to be delivered on October 16; that on October 16, the time for passing the papers was postponed to October 27, at which time the tenant took his deed from John Kovarik.

The tenant before taking the deed employed Mr. W. J. Hennessey, an attorney at law, to examine the records and to pass upon the question of the title of John Kovarik. Mr. Hennessey examined the records in the registry of deeds in the county of Middlesex and reported, among other things, that the property was free from attachment, and, as a result of his investigation and report, the tenant took the deed from John Kovarik, reciting that the property was free from any incumbrances by way of attachment.

It appeared, however, that one Alexander Ellis had brought a suit returnable before the Fourth District Court of Eastern Middlesex, in which the defendant was named as John Kavarik, the writ being dated October 13, 1899, and on this writ one Wardwell, a deputy sheriff, made an attachment and stated in his return that on October 16, 1899, he had attached all the real estate of John Kavarik in the Southern District of the County of Middlesex, in which Woburn is situated, and that within three days thereafter he had deposited in the Registry of Deeds for the Southern District of the County of Middlesex a certified copy of the writ with so much of his return thereon as related to the attachment. The writ was returnable to the Fourth District Court of Eastern Middlesex on December 9, 1899. On the return day the plaintiff named in that writ, Alexander Ellis, by his attorney, George W. Norris, the demandant in this case,

moved to amend his writ by changing the name of the defendant from Kavarik to Kovarik, and this motion was allowed by the court without notice to any other person interested.

It appeared also, that Kovarik, the grantor of the tenant, was the defendant actually sued and served upon and had actually received notice of the suit by Ellis in which he was named as Kavarik.

It appeared also, that the tenant was not aware of the inception of the suit, of the amendment made on the date of entry, or of the fact that there was a claim by any one, that the attachment existed on the property of his grantor, John Kovarik.

It appeared, that in the records of attachments in the Southern District of Middlesex County, on October 27, 1899, there was a page in the book of attachments at the head of which appeared the name Kovarik, and that neither on this page nor on any other page in the book of attachments was there any record of any attachment having been made on the property of any person under the name of Kovarik.

Mr. Hennessey, who had examined the records and reported to the tenant that there was no attachment on the property of any Kovarik made in the year 1899, had his attention called to the claim of the demandant sometime after the entry of the suit of Ellis by his client handing to him a letter from the demandant, and immediately repaired to the Middlesex registry of deeds to verify the report which he had made before, and on finding the condition to be the same as he had reported to his client, the tenant, notified the demandant of his action and of the fact that there had been no attachment made on the property of Kovarik. Whereupon the demandant wrote to Mr. Hennessey a postal card, telling him to look under the name spelled Kavarik and he would find a record of an attachment made in favor of Alexander Ellis. On the receipt of this postal card Mr. Hennessey went again to the registry, and on a page more than forty pages in advance of the page set apart for attachments against the property of persons named Kovarik found a page on which a place had been set apart for attachments of property of persons by the name of Kavarik, and there found a record of the attachment upon the writ of Ellis filed within three days after October 16, 1899.

It further appeared, that the suit of Ellis against the tenant's grantor was brought upon a promissory note signed by him, and that the error in spelling the name of the defendant was due to an erroneous reading of the signature to the note; that the mistake in spelling the name was innocently made and with no intent to mislead or deceive any one; that although he had actual notice of the suit and called and talked with the demandant about it, the tenant's grantor entered no appearance in the action and suffered it to be defaulted; that judgment was entered against him on such default and execution was issued on the judgment; that the premises in question were sold on execution to the demandant and the proceedings on the sale were in conformity with the requirements of the statutes.

It further appeared, that the tenant had been in possession of the premises ever since the date of his deed and that the fair rental value of the premises was $200 a year.

Upon all these facts the tenant asked the judge to rule as follows:

1. On all the evidence a verdict should be ordered for the tenant.

2. The amendment to the writ in favor of Ellis, plaintiff, against Kavarik vacated the attachment.

3. The name Kovarik is not the same name as the name Kavarik.

4. The records of attachments in the registry of deeds were not sufficient in law to create an attachment on the property of Kovarik and the tenant, Anderson, took title free from the attachment on which the levy and sale were based.

5. The estate of Kovarik, if ever attached, was not under legal attachment on October 29, 1899, in favor of Ellis.

6. The levy and sale on the execution were not sufficient in law to give title to the demandant as against the tenant.

7. The title of the tenant is good as against any one claiming under the alleged attachment of October 16, 1899, on the writ in favor of Ellis and under the judgment, levy, execution and sale put in evidence in this case.

8. The amendment to the writ in the case of *Ellis* v. *Kovarik* was in the nature of the introduction of a new party.

9. No notice of the amendment to the writ having been given to the tenant, he cannot be affected by it.

The finding of the judge was as follows: "I find that John Kavarik and John Kovarik was the same person and no question as to such identity was made at the trial. I find that Ellis, or his attorney, in bringing the original suit did not use the name of another person nor did they fraudulently use a fictitious name, nor did they fraudulently attempt to conceal the fact that an attachment had been made.

"I find that John Kovarik had actual notice of the service of the writ upon him, and that he admitted that he had received such service before the entry of the writ.

"I grant the tenant's third request for rulings with the addition of the words, 'but I find that both names were used by the plaintiff as intended for the same person.'

"I deny the other requests of the tenant."

The judge found for the demandant, and, at the request of the tenant, reported the case for determination by this court.

If on all the evidence and findings the finding for the demandant and the rulings and refusals to rule were warranted, judgment was to be entered for the demandant accordingly; otherwise, the case was to stand for trial.

*J. R. Murphy*, for the tenant.

*G. L. Mayberry*, for the demandant.

BARKER, J. The only ground which can be urged against the validity of the attachment at the first is the mistake in the name of the defendant. The defendant was in fact John Kovarik of Woburn. The misnomer may have been matter for abatement if John Kovarik saw fit to plead it in abatement, but the writ was a writ against him. No statute provides that an attachment of real estate shall be ineffectual or void if the defendant is wrongly named in the writ, nor does any statute or decision require in terms that the documents which show the attachment shall state the correct name of the defendant. The attachment cannot be ruled as matter of law not to have been an attachment of the estate of John Kovarik because it described the property as that of John Kavarik of Woburn, it being shown that John Kavarik was not the name of any person, and that the mistake was not in any way fraudulent or an attempt to conceal the attachment.

The rule as to the description of the land necessary in an

attachment is that the description given in the return is suffi-
cient if the same description would be sufficient to pass the land
in a grant by the owner.    *Taylor* v. *Mixter*, 11 Pick. 341, 350.
Upon the evidence the judge could find that the description of
the land in the return was sufficient and the attachment valid.
See *Cleaveland* v. *Boston Five Cents Savings Bank*, 129 Mass. 27.
The description in the return which was before the court in
*Williams* v. *Brackett*, 8 Mass. 240, was a correct description of
a different parcel of land from that intended to be attached
and the defendant had an interest in each parcel of land, both
that actually described in the return and that intended to be
described.

On the other hand there is a plain distinction between this
case and that of *Terry* v. *Sisson*, 125 Mass. 560, relied on by the
tenant.    There the attachment was of a deposit of the defend-
ant's in a savings bank, and was by trustee process.    That is a
process devised to give the creditor the benefit of the property
of his debtor which cannot be come at to be attached in the ordi-
nary way.    See Prov. St. 1758–59, c. 10; 4 Prov. Laws, (State
ed.) 168; Anc. Chart. 614; St. 1794, c. 65.    It is in a way
governed by equitable considerations.    In *Terry* v. *Sisson*, the
alleged trustee owed the defendant a debt and was justified in
paying that debt upon request if in fact in ignorance of the
attempted attachment, and if that ignorance was not the result
of negligence or breach of duty on the part of the trustee.    In
the present case the tenant was a voluntary purchaser not act-
ing under any obligation to Kovarik.

Instances are not rare in which the constructive notice pro-
vided for by statutes requiring the registration of instruments
proves insufficient to protect the interests of those for whose
benefit they are intended, but who do not for that reason have a
right to priority.    See *Sykes* v. *Keating*, 118 Mass. 517 ; *Gifford*
v. *Rockett*, 121 Mass. 431 ; *Ouimet* v. *Sirois*, 124 Mass. 162 ;
*O'Connor* v. *Cavan*, 126 Mass. 117 ; *Gillespie* v. *Rogers*, 146
Mass. 610.

The remaining question is whether the attachment was dis-
solved or made ineffectual as to the tenant by the amendment
allowed without notice to him upon the entry of the writ on the
suit of Ellis.    This amendment did not change or enlarge the

cause of action or introduce any new party, and the only effect of the omission to give the tenant notice of the motion to amend is that he was not precluded by its allowance from now contesting its effect. *Diettrich* v. *Wolffsohn*, 136 Mass. 335.

The tenant was not prejudiced by the amendment. Notwithstanding the misnomer, Ellis, like the plaintiff in *Cleaveland* v. *Boston Five Cents Savings Bank, ubi supra,* had the right to obtain a judgment and enforce the lien of his attachment, even without amending his writ if the defendant did not plead in abatement. Amendments to cure mere defects in form or clerical errors do not affect attachments. *Ball* v. *Claflin,* 5 Pick. 303. *Miller* v. *Clark,* 8 Pick. 412. *Haven* v. *Snow,* 14 Pick. 28, 33, 34. *Johnson* v. *Day,* 17 Pick. 106, 109. *Knight* v. *Dorr,* 19 Pick. 48. *Wight* v. *Hale,* 2 Cush. 486, 493. *Warren* v. *Lord,* 131 Mass. 560. *Cain* v. *Rockwell,* 132 Mass. 193. To dissolve the attachment or make it ineffectual as against a subsequent attaching creditor, purchaser or surety, the amendment must be such as to let in some new demand or cause of action. *Haven* v. *Snow, ubi supra. Wight* v. *Hale, ubi supra. Cutter* v. *Richardson,* 125 Mass. 72. *Kellogg* v. *Kimball,* 142 Mass. 124, 128. *Doran* v. *Cohen,* 147 Mass. 342. *Dalton* v. *Barnard,* 150 Mass. 473. *Townsend National Bank* v. *Jones,* 151 Mass. 454. *Driscoll* v. *Holt,* 170 Mass. 262.

As the attachment could upon the evidence properly be found to have been valid when made, and was so found, and as it was not dissolved or made ineffectual as to the tenant by the amendment, the rulings and refusals to rule excepted to by the tenant were not error.

*Judgment for the demandant according to the finding.*