HENRY BOLLWERK & another *vs.* SARAH HIRSHON & another.

Suffolk.    March 12, 1917. — June 6, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Amendment, Rules of court. *Bond,* To dissolve attachment. *Notice. Name.*

In the writ in an action, in which the defendant gave a bond with sureties to dissolve an attachment, the plaintiff was described as "H. Bowlwerk & Brother," a corporation. The bond did not mention the obligee as a corporation, but as "H. Bollwerk & Bros." and referred to "their executors, administrators, or assigns." On motion of the plaintiff, the writ was amended to make the parties plaintiff "Henry Bollwerk and Joseph Bollwerk . . . as a copartnership under the firm name of H. Bollwerk & Brother." It did not appear that the sureties knew whether the plaintiff was a corporation or a partnership or that they were influenced by that consideration in making the bond or were in any way misled. There was no corporation "H. Bowlwerk & Brother." The same attorney acted for the defendant and for the sureties. *Held,* that the amendment did not create an actual change of existing parties nor increase nor change the liability imposed by the terms of the bond, and that the bond remained in force in the action.

If a plaintiff in an action at law in the Superior Court pending in Suffolk County, in which the defendant has filed a bond with sureties to dissolve an attachment, files a motion to amend the name and description of the plaintiff and, in accordance with Order 2 relating to business in Suffolk County, marks the motion for hearing, gives to the defendant and to the sureties a notice in writing seven days before the day of the hearing and files an affidavit of proof of service of such notice, he has complied with the requirement of R. L. c. 173, § 121, so far as that section is applicable, that a surety, to be bound by an amendment, must have "due notice of the application for leave to amend and an opportunity to be heard thereon, according to an order of notice to that effect to be issued by the court upon application of the plaintiff."

CONTRACT upon a bond to dissolve an attachment. Writ in the Municipal Court of the City of Boston dated January 21, 1916.

On removal to the Superior Court the action was tried before *Hall*, J. The material evidence is described in the opinion. The judge at the close of the plaintiffs' evidence ruled that the defendants had not received such notice of the plaintiffs' notice to amend as was required by statute, and by his order a verdict was returned for the defendants; and the plaintiffs alleged exceptions.

*A. B. Comstock*, for the plaintiffs. ·

*B. Dellheim*, (*B. Rabalsky* with him,) for the defendants.

DE COURCY, J.  The plaintiffs brought an action against the Atlantic Oil Company; and that company as principal and the present defendants as sureties executed the bond to dissolve an attachment which is now in suit. Subsequently a motion to amend the writ was allowed, striking out the description of the plaintiffs therein as "H. Bowlwerk & Brother, a corporation organized under the laws of the State of Missouri and having a usual place of business at St. Louis in said State," and substituting "Henry Bollwerk and Joseph Bollwerk, both of the city of St. Louis, State of Missouri, and doing business in said city and State as a copartnership under the firm name of H. Bollwerk & Brother." There was in fact no corporation named H. Bollwerk & Brother or H. Bowlwerk & Brother.

The amendment did not create an actual change of existing parties, as was the case in *Mathews Slate Co.* v. *Sweeney*, 219 Mass. 285, and in *Frank* v. *Millen*, 226 Mass. 71. Plainly the substitution of "Bollwerk" for "Bowlwerk" was merely the formal correction of a clerical error. *Langmaid* v. *Puffer*, 7 Gray, 378. *Cain* v. *Rockwell*, 132 Mass. 193. And we think the change of designation of the plaintiffs from a corporation to a partnership could be found to come under the same head, on this record. There was no evidence to show that the defendants knew whether the plaintiffs were carrying on business as a partnership or as a corporation; or that they were influenced by that consideration in executing the bond, or were in any way misled. It is not to be assumed that they intended to make a contract with a party that did not exist. And the same attorney who appeared for the Atlantic Oil Company acted as attorney for these defendants when the bond was given and since. The language of the bond itself does not mention the obligee as a corporation. It recites that the defendants, as sureties, "are holden and stand firmly

bound and obliged unto H. Bollwerk & Bros. of St. Louis" in the penal sum, "to be paid unto said H. Bollwerk & Bro. their executors, administrators, or assigns."[i]  It refers to the writ as one "in which writ said H. Bollwerk & Bros., Plaintiff."  So far as the construction of the bond is concerned, it binds the obligors to the plaintiffs as copartners.  See *Werlin* v. *Equitable Surety Co., ante,* 157.

Under R. L. c. 173, § 121, a surety is not bound by the allowance of an amendment "unless he has had due notice of the application for leave to amend and an opportunity to be heard thereon, according to an order of notice to that effect to be issued by the court upon application of the plaintiff, and such third parties shall have the right of exception or appeal."  It is not clear that this provision applies to an amendment which is merely the correction of a clerical error.  See *Diettrich* v. *Wolffsohn,* 136 Mass. 335; *Doran* v. *Cohen,* 147 Mass. 342.  Assuming, however, that said § 121 is applicable in the present case, we are of opinion that the plaintiffs could be found to have complied with the requirement of the statute.  They filed their motion to amend in court, duly marked it for a hearing, gave to the defendants and to their attorney due notice in writing seven days before the day of hearing, and filed an affidavit of proof of service.  This was in accordance with the provisions of Order 2 of the Superior Court relating to Business in Suffolk County, which provides: "2.  In the First Division a daily motion list will be kept on which motions, petitions, and interlocutory matters, from any county, whether in equity, common law, or divorce, may be placed by agreement of counsel at any time before 2 o'clock P. M. of the day preceding the day of hearing; or, if from Suffolk, by either party, first giving notice in writing to the other party seven days before the day of hearing, proof of the service of which notice, if not accepted, must be shown by affidavit filed by 2 o'clock P. M. of the day preceding the day of hearing.  All motions must be in writing filed with the clerk before the day fixed for hearing, unless the court for cause otherwise orders."  It is only in cases pending in other counties, that a party desiring to have a motion heard in Suffolk must apply to the justice presiding in the First Division and obtain an order of notice on the adverse party to show cause why the motion should not be heard in said division.  See Orders

4 and 5. These orders presumably were adopted to regulate the practice in the Equity First Division of the Superior Court in Suffolk County under the authority of R. L. c. 158, § 3. The defendants were in effect made parties to the proceedings to amend the writ. The amendment imposed upon them no greater or different liability than is imported by the terms of the bond which they signed. *Sanderson* v. *Stevens,* 116 Mass. 133. *Norris* v. *Anderson,* 181 Mass. 308.

The exception to the action of the court in directing a verdict for the defendants must be sustained; and it is

*So ordered.*