LENA SOLOMON & another *vs.* PHILLIP NESSEN & others.

HARRY BATES & another *vs.* SAME.

Suffolk.     December 1, 1927. — May 23, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment,* Of real estate. *Name. Statute,* Construction. *Bona Fide Purchaser.*

The provisions of G. L. c. 223, § 66, that "attachments of land . . . shall not be valid against purchasers in good faith and for value, other than parties defendant, except from the time when the copy is deposited [in the registry] . . . or, in cases where the owner of the land sought to be attached is wrongly named in the writ, and the writ is afterward seasonably amended in that respect, then except from the time when a correspondingly amended copy is deposited as aforesaid," have no application where there has been no such amendment of the writ: the statute does not provide that an attachment on a writ which describes the owner of property by a wrong name shall be invalid as to third parties.

One, who was known to some extent by the names Barnard N., Barnett N., Bernard N. and Barney N., and who in banking transactions signed himself B. N., was made defendant in an action, the writ in which described him as Barnard N., and therein all the right, title and interest of Barnard N. in and to any real estate in a certain county was attached. At the time of the attachment, certain real estate in that county had stood in his name as Barnett N.; before judgment, this was sold to one who purchased for value without actual knowledge of the fact that Barnett and Barnard were the same person. Judgment was procured and the judgment creditor began a levy on the real estate formerly standing in the name of Barnett N. The purchaser by a suit in equity sought to enjoin the levy and to remove the cloud from his title. The judge found that Barnett N. and Barnard N. were the same person. There was no evidence nor finding that Barnard was not the true name of Barnett. The registry notation of the attachment was just below a notation of an attachment in an action against Barnett, and investigation by the title examiner would have disclosed that the action against Barnard was against the same person who owned the property standing in the name of Barnett. A decree was entered dismissing the suit. The plaintiff appealed. *Held*, that

(1) The attachment was good against the plaintiff; following *Norris* v. *Anderson*, 181 Mass. 308;

· (2) Furthermore, the record disclosed that reasonable investigation would have disclosed that the action in which the attachment was made was against the owner of the lots claimed by the plaintiff.

Two BILLS IN EQUITY, filed in the Superior Court respectively on January 26 and February 19, 1927, and described in the opinion.

The suits were heard together by *Cox*, J. Material facts found by him are stated in the opinion.

In the first suit, the plaintiffs asked for the following rulings:

"1. That an attachment made by a writ wherein the defendant is not a record owner of the land sought to be attached, is invalid as against a *bona fide* purchaser from the record owner, who has no knowledge of such attachment or who had no knowledge that the land so purchased by him was intended to be attached by the writ.

"2. That an attachment made against Barnard Neiterman is invalid as against land standing in the name of Barnett Neiterman.

"3. That upon the evidence the bill of complaint must be sustained and an injunction issued as prayed for."

In the second suit, the plaintiff asked for the following rulings, among others:

"1. Upon all the evidence, the verdict [*sic*] should be for the plaintiffs.

"2. Upon the weight and sufficiency of the evidence the verdict [*sic*] should be for the plaintiffs.

"3. Where the owner of land sought to be attached is wrongly named in the writ, it is not valid against purchasers in good faith and for value, unless the writ is afterwards seasonably amended in that respect and such amended copy is deposited in the registry of deeds."

"5. The records of attachments in the registry of deeds were not sufficient to create an attachment on the property of Barnett Neiterman and thus, the purchasers took title free from the attachment made in the name of Barnard Neiterman."

"10. The equity court having taken jurisdiction must give relief to the petitioners in this action."

The judge refused to give the above rulings, and, by his order, final decrees were entered dismissing the bills. The plaintiffs appealed.

The cases were argued at the bar in December, 1927, before *Rugg,* C.J., *Crosby, Carroll, Wait,* & *Sanderson,* JJ., and afterwards were submitted on briefs to all the Justices.

*F. Wilson* & *L. G. Stone,* for the plaintiffs.

*F. L. Norton,* for the defendants.

CROSBY, J. These are appeals from findings by a judge of the Superior Court and his denial of requests for rulings, and from final decrees dismissing a bill in equity in each case. The bills were brought by the owners of two parcels of land numbered, respectively, 40 and 44 Arbutus Street, in the Dorchester district of Boston, against the Nessens, judgment creditors of a former owner of both parcels, and against the deputy sheriff who, by their direction, had begun levies upon both parcels and had advertised for sale on execution the interest of such former owner, at the time the property was attached on mesne process in the action on which the said judgment was obtained. The bill in each case seeks to restrain and enjoin the defendants from making such levy

and sale and thereby to remove an alleged cloud upon the title of the respective plaintiffs. The suits were tried together and depend upon similar facts. The question for decision is, Is the attachment valid as against these plaintiffs? The cases are before us upon the pleadings, certain findings of fact made by the trial judge, and requests for rulings made by the plaintiffs in each case.

The judge made the following and other findings: In 1917, one Barnett Neiterman acquired title to the lots in question together with other land. While the record title to the lots stood in his name, the defendants Nessen brought an action at law against Barnard Neiterman by a writ dated July 17, 1923, and attached all the right, title and interest of said Barnard Neiterman in and to any and all real estate in the county of Suffolk. An attested copy of the writ, with so much of the officer's return as related to the attachment, was deposited in the registry of deeds on the date of the writ, and the attachment was duly indexed in the record of attachments. This action was brought to recover a commission for the sale of the lots numbered 40 and 44 Arbutus Street, now owned by the plaintiffs, and other land, the record title to which then stood in the name of Barnett Neiterman.

In December, 1923, while the attachment was outstanding and undischarged, Barnett Neiterman conveyed the lots above described and other land to Julius Block and Harvey Solomon; and by subsequent conveyances the plaintiffs Bates and Penansky acquired title to lot 44, and the plaintiffs Solomon and Shechtman acquired title to lot 40. The attachment has never been discharged, and, the defendants Nessen having recovered judgment in their action against Barnard Neiterman, are proceeding to sell the lots conveyed to the plaintiffs on execution issued in the above action.

The trial judge further found that Barnett Neiterman and Barnard Neiterman are one and the same person, although none of the plaintiffs knew this to be the fact when they took title; that Neiterman was known to some extent by the names of Barnard Neiterman, Barnett Neiterman and Bernard Neiterman; that he also at times used the name Barney Neiterman; that in his banking transactions he usually

signed his name "B. Neiterman." All the plaintiffs were *bona fide* purchasers for value. In the record of attachments in the registry of deeds under the heading "Neiterman" who was grantor in the chain of title to the plaintiffs, two attachments were recorded, the first against Barnett Neiterman made on June 15, 1923, and, on the line immediately thereunder, the second against Barnard Neiterman made on July 17, 1923. The judge found that both attachments were against the same person, namely, the Neiterman hereinbefore described; that prior to the conveyance from Neiterman to Block and Solomon, the title was examined by an attorney who made no effort to ascertain who Barnard Neiterman was, or whether he was the same person as Barnett Neiterman; that if an examination had then, or at any subsequent time, been made, the writ would have disclosed that Barnard Neiterman named as defendant was served with a summons at his last and usual place of abode "No. 183 Callender Street, Dorchester district," and the declaration would have disclosed that the claim was for a commission for making the sale of property which was being purchased by Block and Solomon; that further investigation would have shown that Barnett Neiterman lived at 183 Callender Street, Dorchester.

In *Norris* v. *Anderson*, 181 Mass. 308, the validity of an attachment was attacked because of a mistake in the name of the defendant. In that case it was said, at page 312, "No statute provides that an attachment of real estate shall be ineffectual or void if the defendant is wrongly named in the writ, nor does any statute or decision require in terms that the documents which show the attachment shall state the correct name of the defendant. The attachment cannot be ruled as matter of law not to have been an attachment of the estate of John Kovarik because it described the property as that of John Kavarik of Woburn, it being shown that John Kavarik was not the name of any person, and that the mistake was not in any way fraudulent or an attempt to conceal the attachment."

In the cases at bar there was no evidence that the name Barnard Neiterman appearing in the writs was not his true

name. The above decision establishes a rule of property and stands as the law of the Commonwealth, and is binding in all circumstances where it is applicable. It is decisive in favor of the validity of the attachments in the cases at bar unless the law has been changed by G. L. c. 223, § 66, on which the plaintiffs severally rely. To determine this question it is important to consider the circumstances under which the statute was originally enacted. In 1907 a petition, directed to the Senate and House of Representatives, with an accompanying bill was filed. The petition, in substance, recited that the law relating to attachments of real estate was such that " . . . if suit is brought against the owner in a wrong name and his real estate is attached in a wrong name, and the attachment is accordingly indexed in the Registry of Deeds under a wrong name, yet if the writ and pleadings are seasonably amended by correcting the name of the defendant therein, though not corrected on the records or index of the Registry of Deeds, then the attachment may be good even as against a purchaser for value in good faith and without notice." It was to correct what was thus alleged to be a defect in the law that relief by legislation was sought, and thereafter the bill accompanying the petition was enacted thereby amending R. L. c. 167, § 62. This section, now G. L. c. 223, § 66, so far as material to the question presented, provides " . . . but attachments of land . . . shall not be valid against purchasers in good faith and for value, other than parties defendant, except from the time when the copy is deposited as aforesaid, or, in cases where the owner of the land sought to be attached is wrongly named in the writ, and the writ is afterward seasonably amended in that respect, then except from the time when a correspondingly amended copy is deposited as aforesaid." No decision of this court has been rendered construing the amendment of the statute enacted in 1907. The amendment in terms applies only to cases where the owner of land sought to be attached is wrongly named in the writ, and the writ is afterwards amended. The writs in the cases at bar never have been amended. The statute does not provide that an attachment on a writ which describes the owner of property

by a wrong name shall be invalid as to third parties. It follows that unless a writ is amended the law remains as before the statute was enacted and as declared in *Norris* v. *Anderson, supra.* If, as argued by the plaintiffs, this construction of the statute places a plaintiff who attaches on a writ wherein the defendant is wrongly named and who does not amend his writ in a better position than a plaintiff who does amend, still that cannot affect the proper construction of the statute which is to be determined in accordance with the intention of the Legislature as expressed in the language used. *Commonwealth* v. *Henry,* 229 Mass. 19. *Dascalakis* v. *Commonwealth,* 244 Mass. 568. *Morse* v. *Boston,* 253 Mass. 247, 252.

It is manifest that the Legislature intended to protect innocent purchasers for value of real estate who were unable to ascertain whether or not it was subject to attachments. This court, however, cannot construe the statute in accordance with such intent in the absence of words from which it may reasonably be inferred. A majority of the court are constrained to hold that the remedy given under the statute is limited to cases where the writ has been amended, and that it has no application to the present cases.

Apart from the statute and the decision in *Norris* v. *Anderson, supra,* it appears from the findings of the trial judge that Barnett Neiterman and Barnard Neiterman are the same person. It also would seem that, as it appeared in the record of attachments that both attachments were recorded under the heading of "Neiterman," one against Barnett Neiterman, and just under it the other against Barnard Neiterman, further reasonable investigation would have disclosed they were attachments of property of the same person. See *Gifford* v. *Rockett,* 121 Mass. 431; *Ouimet* v. *Sirois,* 124 Mass. 162; *O'Connor* v. *Cavan,* 126 Mass. 117. The findings made are not open to revision on this record; the plaintiffs' requests were rightly refused. The final decree in each case must be affirmed.

*Ordered accordingly.*