Bradford Estate Company
vs.                 Eq. No. 11039.
William J. Brown et al.

September 1, 1931.

FROST, J. This is a bill of complaint heard on complainant's prayer for a preliminary injunction. Complainant rested on its sworn bill and respondents offered no testimony.

The bill is brought to restrain the sale on execution of certain real estate attached or attempted to be attached on an original writ from the Superior Court in an action brought by respondent Brown against Bradford Campbell. Prior to the recovery by Brown of judgment in such action, Campbell conveyed certain real estate to Bradford Estate Company, a corporation, the complainant in this bill of complaint.

Complainant avers that the attempted attachment of real estate formerly belonging to Bradford Campbell and

now belonging to it, by virtue of a writ dated the 9th day of July, A. D. 1928, issued in the action of Brown against Campbell was void because made in violation of Section 14 of Chapter 349 of the General Laws of Rhode Island, 1923; that any purchaser at such execution sale will acquire no title to the property of the complainant, but that a pretended title acquired at any such execution sale will constitute a cloud upon complainant's title to its property.

Complainant also avers that the officer's return describing the real estate attempted to be attached is too vague and uncertain to create a lien on the real estate of the complainant conveyed to it by Campbell.

The bill raises two questions which it is necessary to decide in order to determine whether an injunction may issue at this stage of the case: First; Was the writ void as a writ of attachment when a lien was attempted to be placed on real estate? Second; If the writ was good was the officer's return describing the real estate so vague and uncertain as to create no lien?

Section 14 (5146) of Chapter 349 of the General Laws of Rhode Island, 1923, is as follows: "An original writ commanding the attachment of the real or personal estate of the defendant, including his personal estate in the hands or possession of any person, co-partnership, or corporation as the trustee of the defendant, and his stock or shares in any banking association or other incorporated company, may be issued from the Superior Court, or any District Court, whenever the plaintiff in the action to be commenced by such writ, his agent or attorney, shall make affidavit, to be endorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant, that is due, upon which the plaintiff expects to recover in such action a sum sufficient to give jurisdiction to the Court to which such writ is returnable."

Complainant avers that the writ of attachment in the action of Brown against Campbell is dated the 9th day of July, A. D. 1928, while the affidavit endorsed thereon is dated three days later, or the 12th day of July, and that service of the writ was made upon Campbell upon the 16th day of July. It also avers that the deputy sheriff's return was made on the 16th day of July to the effect that he had on that date attached all the right, title and interest of Bradford Campbell in and to certain real estate.

The section of the statute just quoted says that a writ of attachment may be issued from the Superior Court whenever the plaintiff in the action to be commenced by such writ shall make affidavit to be endorsed thereon or annexed thereto that the plaintiff has a just claim against the defendant, etc.

Under the practice prevailing in this State, writs in blank are signed by a clerk of the Superior Court, and are given to attorneys upon request and by them are retained until such time as they may be needed. When required a writ is filled out and handed to a sheriff for service. A writ is issued when it is filled out by an attorney and with reasonable diligence is carried to or left with an officer for service. The issuance of the writ is the commencement of an action.

*Hail* vs. *Spencer*, 1 R. I. 17.
The action in question then was commenced by writ dated July 9, 1928, assuming that the attorney after filling out the blank writ delivered it with reasonable diligence to the officer for service.

The affidavit is dated July 12, 1928, and is endorsed on the writ. Is this a compliance with the statute? The purpose of the affidavit in a writ of attachment is obvious. An attachment of a man's real estate creates a lien upon it which is a limitation upon his freedom to convey. It is a drastic remedy and is therefore safeguarded by means of an affidavit so that a de-

fendant's freedom of alienation may not be obstructed by one having a baseless claim. The purpose of the affidavit is expressed in *Wright* against *Smith* (1880) 66 Alabama 545 at page 546 as follows: "The purpose of the affidavit is to satisfy the conscience of the officer, that a state of facts exists, in which the plaintiff has a right, and it is his duty to issue extraordinary process for the seizure of the property of the defendant."

Such being the purpose of the affidavit it seems to the Court that when an affidavit is endorsed upon or annexed to a writ at or prior to the time when the writ is delivered to the officer with instructions to serve the same, the requirement of the statute is met. The date of the writ marks the issuance of the writ and the commencement of the action only if and when the writ is left with the officer with instructions that it be served, and therefore an affidavit made in this period, that is between the time when the writ is filled out and the time when it is given to the officer, may be said to be made at the commencement of the action. Essentially the requirement of the statute is that the writ be complete, including the affidavit, when it is given to the officer to be served, since under the practice in this State the writ is obtained from the clerk before there is any immediate need for it.

In the present case the Court thinks the writ served on July 16, 1928, was a valid writ of attachment.

As to the second question raised, it is doubtless necessary in order to create a lien, that the officer's return show a description which is sufficient to identify the property. The requirement is thus put in *Norris* against *Anderson* (1902), 181 Mass. 308 at 312. "The rule as to the description of the land necessary in an attachment is that the description given in a return is sufficient if the same description would be sufficient to pass the land in a grant by the owner." Again in 18 Corpus Juris, page 180, section 62: "The office of a description is not to identify the land but to afford the means of identification, and when this is done it is sufficient. Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification."

The description given clearly seems to the Court sufficient to identify the property. It is, of course, possible that the description in the officer's return is not sufficient but if not, it will have to be shown to be insufficient by evidence. The Court is now wholly dependent upon the language of the bill.

In the judgment of the Court a prima facia case is not made out on the sworn bill, which is all that is before the Court at this time, and the prayer for a preliminary injunction must therefore be denied.

*Blackstone Hall Company* vs. *Rhode Island Hospital Trust Company, trustee, et als* (1916) 39 R. I. 69 at 75.

For complainant: Boss, Shepard & McMahon.

For respondent: William J. Brown.